RICHERSON et al., Appellees,

v.

PATTEN, Exr., Appellant.

[Cite as *Richerson v. Patten* (1992), 83 Ohio App.3d 895.]

Court of Appeals of Ohio,
Summit County.

No. 15636.

Decided Nov. 25, 1992.

*Mark S. Frank,* for appellees.

*Kurt R. Weitendorf,* for appellant.

---

CACIOPPO, Judge.

On April 17, 1990, plaintiff-appellee, Yolanda Richerson, and her husband filed a complaint with the Summit County Common Pleas Court against defendant-appellant, Cornelius Patten, alleging personal injuries suffered as a result of an automobile accident. On January 6, 1991, Cornelius Patten died, and the executrix of his estate was substituted as the party-defendant.

On June 12, 1991, the case was referred to arbitration pursuant to Loc.R. 10 of the Court of Common Pleas of Summit County. On August 14, 1991, following a hearing, the arbitration panel issued a report and award in appellees' favor.

On September 4, 1991, appellant filed a notice of appeal from the decision of the arbitration panel. An affidavit asserting that there was good cause for the appeal and that it was not taken solely for purposes of delay was attached to the notice of appeal. The affidavit was signed by counsel for appellant.

Appellees filed a motion to dismiss the appeal. Appellees asserted that the affidavit failed to comply with Loc.R. 10.17 of the Court of Common Pleas of Summit County which requires that the affidavit be signed by the party rather than counsel. The trial court granted appellees' motion to dismiss and entered judgment in accordance with the decision of the arbitration panel. Patten appeals the dismissal, asserting two assignments of error. We reverse.

### Assignment of Error No. II

"The trial court's determination to dismiss appellants [*sic* ] appeal for failure to file an affidavit signed by the client, rather than by his attorney, to obtain a trial *de novo* from an arbitration award in violation of a local procedural rule constitutes an abuse of discretion."

This court recently considered the issue presently before the court. In *Bowen v. Hickey* (Nov. 4, 1992), Summit App. No. 15574, unreported, at 2–3, 1992 WL 323870, this court held:

"In *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 192–193 [23 O.O.3d 210, 217, 431 N.E.2d 644, 647], the Supreme Court stated:

" '[L]ocal appellate rules are needed in order to achieve the prompt and efficient dispatch of justice. This is a two-pronged objective—the local rules must encourage promptness and efficiency, on the one hand, and fairness and justice on the other. Fairness and justice are best served when a court disposes of a case on the merits. Only a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds. Local rules, at any level of our state court system, should not be used as a judicial mine field, with disaster lurking at every step along the way.'

"We do not believe that appellants' actions demonstrate ' "a flagrant, substantial disregard for the court rule" that can justify a dismissal on procedural grounds.' *McConville v. Civil Service Comm.* (Jan. 22, 1992), Summit App. No. 15177, unreported, at 4 [1992 WL 10152]. The factors to be considered are well stated in the *DeHart* syllabus:

" 'A court * * * abuses its discretion when, after dismissing a case, *sua sponte*, for a minor, technical, correctable, inadvertent violation of a local rule, it refuses

to reinstate the case when: (1) the mistake was made in good faith and not as part of a continuing course of conduct for the purpose of delay, (2) neither the opposing party nor the court is prejudiced by the error, (3) dismissal is a sanction that is disproportionate to the nature of the mistake, (4) the client will be unfairly punished for the fault of his counsel, and (5) dismissal frustrates the prevailing policy of deciding cases on the merits.'

"The lower court erred by dismissing the appeal."

As in *Bowen,* we find that the trial court erred by dismissing the appeal. Therefore, the second assignment of error is well taken. Based on our disposition, we need not address the remaining assignment of error. App.R. 12(A)(1)(c).

The judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., concurs.

REECE, J., dissents.