HUMPHREY, Appellee,

v.

**OHIO WATER PARKS, INC., d.b.a. Dover Lake Park, Appellant.**

[Cite as *Humphrey v. Ohio Water Parks, Inc.* (1994), 97 Ohio App.3d 403.]

Court of Appeals of Ohio,
Summit County.

No. 16828.

Decided Oct. 26, 1994.

■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

---

*Mark Frank,* for appellee.

*Denise M. Weaver,* for appellant.

---

BAIRD, Judge.

This cause comes before the court upon the appeal of Ohio Water Parks, Inc., d.b.a. Dover Lake Park ("appellant"), from the order of the Summit County Court of Common Pleas dismissing its notice of appeal *de novo.*

On January 29, 1993, Carl E. Humphrey ("appellee") filed a complaint against appellant in the Summit County Court of Common Pleas for injuries suffered while using appellant's water slide. The case was submitted to arbitration, and on February 4, 1994, arbitrators returned an award of $20,000 to appellee.

On March 4, 1994, appellant filed a notice of appeal *de novo.* Appellee filed a motion to dismiss, which was granted by the court on June 7, 1994. Appellant appeals, citing one assignment of error:

"The trial court abused its discretion when it dismissed defendant's appeal from the arbitrator's award in favor of plaintiff when there was no flagrant, substantial disregard for the court rules."

Loc.R. 10.17 of the Court of Common Pleas of Summit County governs the right of a party to appeal a decision of the Board of Arbitration to the Summit County Common Pleas Court. Loc.R. 10.17(b)(1) governs the form of the notice of appeal:

"A Notice of Appeal DeNovo, together with an affidavit stating the appeal is not taken for delay but because the party believes an injustice has been done, signed by the party appealing and not the attorney for the party, shall be filed by the Appellant with the Clerk of Courts."

■■■ The "affidavit" submitted with the notice of appeal *de novo* in this instance was signed by appellant's attorney but was not sworn to before a notary public. There was no notary named in the document, no notary signature, no seal, and no date upon which "affiant's" signature was witnessed. R.C. 2319.02 defines "affidavit" as "a written declaration *under oath* * * *." (Emphasis added.) The document submitted by appellant in this instance was not an "affidavit" as defined by statute and as required by local rule.

"The general rule is that an affidavit must appear on its face to have been taken before the proper officer, and in compliance with all legal requisitions.

* * * A paper purporting to be an affidavit, but not to have been sworn to before an officer, is not an affidavit. * * * '[I]t can only be regarded as the mere draft of an affidavit, never sworn to by the person by whom it purports to have been made. And therefore as the record shows no affidavit, as required by law, the appeal must be considered as having been illegally granted.' " (Citations omitted.) *Benedict v. Peters* (1898), 58 Ohio St. 527, 536–537, 51 N.E. 37, 39.

In the context of the foregoing, the court granted appellee's motion to dismiss, finding that omission of an affidavit was a "flagrant, substantial disregard for the court rules," and adopted the arbitrator's report and award as the final judgment of the court.

Appellant argues that the defect in the document was a "minor, technical, correctable and inadvertent violation of a local rule" as determined in *Richerson v. Patten* (1992), 83 Ohio App.3d 895, 615 N.E.2d 1136, and that it was an abuse of discretion for the court to dismiss the appeal. However, *Richerson* considered a valid affidavit, signed by the attorney, instead of by the client as required by local rule. *Id.* at 896, 615 N.E.2d at 1137. In a later case, this court held that because C.P.Sup.R. 15(A) permits an attorney for a party to file an affidavit, while Loc.R. 10.17 does not, in that respect Loc.R. 10.17 is void. *Wilder v. Ryce* (Jan. 13, 1993), Summit App. No. 15633, unreported, at 4–5, 1993 WL 6282. *Wilder* permits an attorney, whose client is seeking an appeal, to submit a properly-drafted affidavit on his client's behalf, provided such affidavit comports with the substantive requirements of C.P.Sup.R. 15. In the case *sub judice*, there was no affidavit.

Appellant further argues that the court's finding that omission of the affidavit was "a flagrant, substantial disregard for court rules" does not meet the factors justifying a dismissal on procedural grounds as set forth in *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 23 O.O.3d 210, 431 N.E.2d 644, syllabus. However, *DeHart* governs factors applicable to "minor, technical, correctable, inadvertent" violations of local rules. *Id.* In this case, the court made the threshold decision that omission of an affidavit is a "substantial disregard" and not a "minor" violation of a local rules. Accordingly, the *DeHart* factors are not applicable.

When reviewing whether a trial court abused its discretion, it must appear from the record that the court's attitude is unreasonable, arbitrary or unconscionable. *Cedar Bay Constr. Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 22, 552 N.E.2d 202, 205. "[A]buse of discretion * * * connotes more than an error of law or of judgment[.]" *Id.* Such a violation is found in the rare instance when a decision is grossly violative of fact and logic so as to demonstrate perversity of will, defiance of judgment, undue passion, or extreme bias. *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 360–361, 473 N.E.2d 264, 313.

Submitting an unsworn document when an affidavit is required is not the same sort of error as checking the wrong box on a form. See *DeHart v. Aetna Life Ins. Co., supra,* 69 Ohio St.2d at 191, 23 O.O.3d at 212, 431 N.E.2d at 646. It is a case of ignoring a major requirement of a court rule, the filing of a sworn statement that the party requesting the appeal is not undertaking an appeal for purposes of delay.

"There is no excuse for the failure of any member of the bar to understand or to comply with the rules of * * * court. They are promulgated so that causes coming before the court will be presented in a clear and logical manner, and any litigant availing himself of the jurisdiction of the court is subjected thereto." *Vorisek v. N. Randall* (1980), 64 Ohio St.2d 62, 65, 18 O.O.3d 296, 298, 413 N.E.2d 793, 795, quoting *Drake v. Bucher* (1966), 5 Ohio St.2d 37, 39–40, 34 O.O.2d 53, 55, 213 N.E.2d 182, 184.

We cannot say that the trial court abused its discretion in dismissing appellant's appeal for failure to comply with the rules of court. Appellant's assignment of error is overruled.

The decision of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and COOK, J., concur.