DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiffs-appellants, Angela Dillon and Jason First appeal,pro se, from the trial court's dismissal of their case on the basis of failing to timely file an affidavit required for an appeal of an arbitration panel decision. We affirm.
The appellants sued defendants-appellees, Robert and Aimee Hines and the Hines' agent, Smythe Cramer Co., for $30,000 in damages caused by the appellees' material misrepresentation and/or omission that induced them to purchase an allegedly defective piece of property located at 1277 Kellogg Avenue, Akron. The appellants argued that the appellees had falsely represented that the property was a "slab house" and was in a safe condition. When the appellants took possession of the property, they noticed that the floor was caving in and discovered a hidden hatch door leading to a crawl space under the house. The appellants alleged that the floor structure was unsafe and unsound and that the house was uninhabitable.
Pursuant to Summit County Local Rule 10, the case was referred to arbitration. The arbitration panel held a hearing and issued its report and award in favor of the appellees on February 26, 1997. The arbitrators' report was filed with the Summit County Court of Common Pleas' clerk's office on February 27, 1997.
On March 7, 1997, the appellants filed their notice of appeal in the trial court, but failed to include an affidavit attesting that the appeal was not taken for the purposes of delay pursuant to Local Rule 10.17 and C.P. Sup. R. 15. This Notice of Appeal was signed by the appellants' attorney at that time. On April 1, 1997, the appellants filed their affidavit attesting that the appeal was not taken for purposes of delay.
On April 16, 1997, the Hines moved to dismiss the appeal because the appellants failed to file the required affidavit. The appellants responded in opposition to this motion on April 23, 1997. On April 30, 1997, the trial court granted the Hines' motion to dismiss and found that the appellants' "failure to timely file was flagrant and a substantial disregard for Court Rules." In addition, the trial court declared that "[i]t is important to note that the attorney for [the appellants] failed to offer any excuse or other reasons for not filing the affidavit." On May 20, 1997, the trial court amended its April 30, 1997 judgment to include appellee, Smythe Cramer Co.
The appellants timely appeal and raise two assignments of error.
 ASSIGNMENT OF ERROR I
The trial court erred as a matter of law in finding that the affidavit required under Summit County Local Rule 10.17 was not timely filed and in dismissing plaintiff's cause on that basis.
Loc.R. 10.17(a) of the Court of Common Pleas of Summit County, General Division provides the following:
 Any party may appeal an award of the Board of Arbitration to the Common Pleas Court of Summit County, if within 30 days after filing of the award with the Clerk of Courts, the party does * * * the following: * * * Files a Notice of Appeal with the Clerk of Courts and serves a copy on the adverse party or parties and the assigned Judge accompanied by an affidavit that the appeal is not being taken for delay. The affidavit accompanying the Notice of Appeal shall be signed by the appealing party or counsel for the appealing party. * * *
Similarly, C.P. Sup.R. 15(d) states in part:
 Any party may appeal the award to the court if, within thirty days after filing of the award with the clerk of court, the party * * * [f]iles a notice of appeal with the clerk of courts and serves a copy on the adverse party or parties accompanied by an affidavit that the appeal is not being taken for delay * * *.
Civ.R. 6 provides in part:
 (A) Time: Computation. In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. * * *
* * *
 (E) Time: Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period. This subdivision does not apply to responses to service of summons under Rule 4 through Rule 4.6.
This Court has held:
 [A] notice of appeal from an arbitration award must be filed "within thirty days (30) after filing of the award with the Clerk of Courts." Nothing in Loc.R. 10.17(A) delays the running of the appeal time by the date of service of the report on the parties.
Lane v. Corp. Information Services, Inc. (Dec. 6, 1995), Summit App. No. 17266, unreported, at 3-4.
We find that Civ.R. 6(E) does not apply to the filing requirements of Loc.R. 10.17 or C.P. Sup.R. 15. The filing of the arbitration award in the trial court triggers the computation of time for appeal. Thus, we find that the trial court did not err as a matter of law. Appellants' first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
The trial court abused its discretion in dismissing plaintiff's cause for alleged failure to timely file the affidavit required by Summit County Local Rule 10.17.
A flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds. DeHart v. Aetna LifeIns. Co. (1982), 69 Ohio St.2d 189, 193; Richerson v. Patten
(1992), 83 Ohio App.3d 895, 896. If a minor, technical, correctable, inadvertent violation of a local rule occurs, a dismissal is not justified when:
 (1) the mistake was made in good faith and not as part of a continuing course of conduct for the purpose of delay, (2) neither the opposing party nor the court is prejudiced by the error, (3) dismissal is a sanction that is disproportionate to the nature of the mistake, (4) the client will be unfairly punished for the fault of his counsel, and (5) dismissal frustrates the prevailing policy of deciding cases on the merits.
Richerson v. Patten, 83 Ohio App.3d at 897; DeHart v. Aetna LifeIns. Co., 69 Ohio St.2d at 192.
This Court has determined that a trial court abused its discretion in dismissing an appeal from an arbitration panel decision because the required affidavit contained the counsel's signature instead of the required signature of the party.Richerson v. Patten (1992), 83 Ohio App.3d 895, 896-97; Bowen v.Hickey (Nov. 4, 1992), Summit App. No. 15574, unreported, at 2-3.
Nonetheless, this Court has found that the filing of the affidavit is a mandatory step in the arbitration process and a procedural requirement that lies within the discretion of the court. Richardson Brothers, Inc. v. Dave's Towing Service (1983),14 Ohio App.3d 1, 2. Furthermore, this Court has noted:
 To completely ignore the affidavit requirement could impair the effectiveness of arbitration proceedings. We conclude, therefore, that the court may, in its discretion, dismiss an appeal from arbitration proceedings for the appellant's failure to provide the necessary affidavit with his notice of appeal.
Id. at 2. This Court concluded that the trial court did not abuse its discretion by dismissing an appeal where there was a failure to file the necessary affidavit. Id. Furthermore, this Court has held that a trial court did not abuse its discretion where a proper affidavit is filed a long time after the time for appeal has run out. Costin v. F.J. Dettore, Inc. (Sept. 21, 1994), Lorain App. No. 94CA005820, unreported, at 3-4.
This Court has further maintained that a trial court did not abuse its discretion by dismissing an appeal where an unsworn document, not a sworn affidavit, was filed. Humphrey v. OhioWater Parks, Inc. (1994), 97 Ohio App.3d 403, 406. This Court interpreted the omission of a properly sworn affidavit to be a flagrant, substantial disregard for a court's rules justifying dismissal. Id. In addition, this Court found that when a threshold decision is made that a violation of a court procedure is a "substantial disregard," the other factors are not applicable. Id. at 405.
The language of the rule clearly indicates that an affidavit shall be filed at the time of the filing of the notice of appeal. The appellants filed an affidavit twenty-five days after filing their notice of appeal. Furthermore, the day the appellants filed the affidavit was three days after their time for appeal ran out. We find that the trial court did not abuse its discretion by dismissing the appellants' appeal.
The appellants' second assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
 Exceptions. _______________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, J.
DICKINSON, J. CONCUR.