OPINION
On June 17, 1996, plaintiff-appellee, Michael A. Stratton, filed a complaint for divorce in the Butler County Court of Common Pleas, Domestic Relations Division. On July 3, 1996, defendant-appellant, Suzanne M. Stratton, filed an answer and counterclaim through her attorney, David A. Chicarelli.
On February 3, 1997, appellant, through her attorney, filed a motion to continue the trial until March 25, 1997. The court granted the motion on the same date. On March 25, 1997, appellant's counsel requested a continuance by oral motion, which motion was granted and the trial was continued to May 15, 1997.
On Thursday, May 9, 1997, Chicarelli filed a motion to withdraw as appellant's attorney. As grounds for this motion, Chicarelli stated that appellant had failed to cooperate with him and that he did not believe he could adequately represent appellant. On the same date, Chicarelli's motion to withdraw was granted. In a letter to appellant from Chicarelli dated May 10, 1997, Chicarelli notified appellant that he was withdrawing from representing her by stating the following:
 Enclosed please find a stamped copy of the order allowing me to withdraw as your attorney. I am enclosing a statement showing your total legal fees to date. Your hearing is scheduled for May 15th, at 8:30 a.m., in front of Judge Conese. As I told you before, you need to obtain a new attorney, or at least be there and ask for a continuance. Please have your new attorney contact me and I will make arrangements to turn over whatever papers are necessary.
On May 15, 1997, appellant appeared in court without counsel. The court acknowledged that appellant's counsel had withdrawn and that appellant was now unrepresented. The following exchange then took place:
Court: Ma'am, are you ready to proceed?
Mrs. Stratton [Appellant]: No.
Court: Okay. Why not?
Mrs. Stratton: Because I don't have an attorney.
 Court: Okay. And when were you made aware that Mr. Chicarelli would be withdrawing from this case?
Mrs. Stratton: About a week and a half ago.
Court: Okay. And what are you asking the court?
 Mrs. Stratton: To allow me time to get an attorney.
 Court: All right. Well, I'll consider that a request for a continuance.
At that point, the court asked appellee's counsel if he wished to respond to the request for a continuance. Appellee's counsel opposed the request for a continuance, citing the two previous continuances requested by appellant's attorney. The following then transpired:
Court: Yes, about your — your need for a continuance.
 Mrs. Stratton: Well, I don't — obviously I've never done this before I think I need an attorney and I have one, I mean, I just wasn't able to get in to see him and I just got all the papers from Mr. Chicarelli yesterday although I had called —.
 Court: Who — who is the attorney that you haven't been able to see?
 Mrs. Stratton: Uh, Mr. Ira Berman. I spoke with him on the phone Tuesday.
The judge denied the request for a continuance, finding that although a party representing themselves may be at a disadvantage, because two previous continuances had been granted, "there's some point where this case has to be tried and I think that has to be today." The trial proceeded with appellee's counsel presenting evidence and witnesses. No evidence was presented by appellant and no cross-examination was conducted. The court ordered final written arguments to be submitted on or before May 29, 1997. On May 29, 1997, attorney Ira Berman, on behalf of appellant, filed a motion for extension of time to file a final argument memorandum, which was granted. On June 12, 1997, appellee's counsel filed findings of fact and conclusions of law, and on the same date, Ira Berman filed a final argument memorandum.
On July 10, 1997, an entry was filed by the trial judge adopting the findings of fact and conclusions of law as proposed by appellee. On October 7, 1997, the judgment entry and decree of divorce were journalized and from this entry, appellant filed the instant appeal, setting forth two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY ABUSING ITS DISCRETION IN ALLOWING DEFENDANT-APPELLANT'S COUNSEL TO WITHDRAW FROM THE CASE WITHOUT CERTIFICATE OF SERVICE UPON DEFENDANT-APPELLANT AND SIX DAYS BEFORE THE CASE WAS SCHEDULED FOR A FINAL HEARING.
The grant or denial of a motion for a continuance is a matter within the discretion of the trial court and will be reversed on appeal only if the trial court abused that discretion. State v. Unger (1981), 67 Ohio St.2d 65. An abuse of discretion is more than an error of law or judgment, the court's attitude must be unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1982), 5 Ohio St.3d 217.
Butler County Court of Common Pleas Loc.R. DR28 states:
 Attorneys seeking to withdraw from a case shall present a motion and entry to the judge or magistrate assigned to the case. The motion shall state the reasons for withdraw and the entry must contain a certificate of service upon both opposing counsel and the withdrawing attorney's client.
 In the absence of extraordinary circumstances, the court shall not grant an attorney permission to withdraw within thirty days of a scheduled trial.
In the instant case, the certificate of service dated May 9, 1997 attached to attorney Chicarelli's motion to withdraw certifies only that appellee's attorney was served with notice of the withdrawal. A flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds. DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, 193. However, if a minor, technical, correctable, inadvertent violation of a local rule occurs, a dismissal is not justified when: (1) the mistake was made in good faith and not as part of a continuing course of conduct for the purpose of delay, (2) neither the opposing party nor the court is prejudiced by the error, (3) dismissal is a sanction that is disproportionate to the nature of the mistake, (4) the client will be unfairly punished for the fault of his counsel, and (5) dismissal frustrates the prevailing policy of deciding cases on the merits. Richerson v. Patten (1992),83 Ohio App.3d 895, 896-97.
In the instant case, attorney Chicarelli did send appellant a letter dated May 10, 1997 with a copy of the notice to withdraw. Accordingly, we find that appellant was not prejudiced by attorney Chicarelli's failure to include her on the certificate of service because she did receive timely notice of the filing.
However, the second paragraph of Loc.R. DR28 requires that the court shall not grant permission to withdraw within thirty days of a scheduled trial absent extraordinary circumstances. In the instant case, attorney Chicarelli's motion to withdraw was filed on May 9, 1997 when the trial was set for May 15, 1997. As grounds for the motion, attorney Chicarelli stated "that the [appellant] has failed to cooperate with counsel, and counsel does not believe he can adequately represent the [appellant] at this time." In granting the motion, the trial court stated "[U]pon motion of counsel for [appellant], and for good cause shown, said David A. Chicarelli is hereby allowed to withdraw as counsel of record for [appellant] herein."
While "good cause" to withdraw may have been exhibited, the trial court failed to make a finding of "extraordinary circumstances," to warrant the withdrawal approximately one week before trial. Appellee claims that the procedural posture of this case alone warrants a finding of extraordinary circumstances. We disagree. While two previous continuances were granted and the divorce proceeding was pending for almost one year, the third continuance requested by appellant was made for the purpose of being represented by counsel. Accordingly, we find that the trial court abused its discretion by not complying with the local rule which requires a finding of "extraordinary circumstances" before permitting counsel to withdraw thirty days prior to trial. Appellant's first assignment of error is sustained.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT AND ABUSED ITS DISCRETION IN HAVING ALLOWED DEFENDANT-APPELLANT'S COUNSEL TO WITHDRAW AND THEN REFUSING TO ALLOW DEFENDANT-APPELLANT A REASONABLE CONTINUANCE TO OBTAIN NEW COUNSEL AND FORCING DEFENDANT-APPELLANT TO PROCEED WITH TRIAL PRO SE.
In determining whether the trial court abused its discretion in granting or denying the motion for a continuance, a reviewing court must balance the interests of judicial economy and justice against any potential prejudice to the defendant. Griffin v. Lamberjack (1994), 96 Ohio App.3d 257, 264.
 Objective factors which may be considered by the trial judge in determining a motion for a continuance include the length of the delay requested, whether other continuances have been allowed, any inconvenience to the litigants, the court and witnesses, whether the requested delay is legitimate rather than dilatory, purposeful or contrived, whether the defendant contributed to the circumstances underlying the request and other relevant factors based on the unique aspects of each case.
Id., following State v. Unger (1981), 67 Ohio St.3d 65, 67-68.
In the instant case, we find that the trial court abused its discretion in denying appellant's request for a continuance. A review of the record reveals that appellant's request for a continuance was made in good faith for the purpose of retaining counsel. Appellant was given written notice that her counsel had been granted permission to withdraw by letter dated Friday, May 10, 1997. Appellant testified that on Tuesday, May 13, 1997, she contacted attorney Ira Berman to represent her and that on Wednesday, May 14, 1997, she retrieved her file from attorney Chicarelli. The trial was scheduled for Thursday, May 15, 1997. We find that based on this factual situation, the court acted unreasonably and arbitrarily by refusing appellant's request to continue the hearing until her newly-retained counsel could be present. Appellant's second assignment of error is well-taken.
Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.
YOUNG, P.J., and POWELL, J., concur.