DECISION AND JOURNAL ENTRY
Appellant Donna Pivarski appeals the judgment of the Summit County Court of Common Pleas, which dismissed her appeal of an arbitration award on an underlying claim of age and sex discrimination. We affirm.
 I.
On February 23, 1998, Ms. Pivarski filed suit against her former employer, Hissong-Kenworth, Inc., which had dismissed her after three and a half years of service as an office manager for the company. Pivarski believed that the dismissal was based on age and sex discrimination. The trial court referred the case to court arbitration and assigned an arbitration panel. On October 26, 1998, the arbitration panel issued its decision. The panel decided in favor of Pivarski on the merits of the claim but found that Pivarski had adduced no evidence as to damages. Consequently, the panel awarded Pivarski nominal damages of $1.00.
On November 23, Pivarski filed an appeal de novo to the trial court, pursuant to Loc.R. 10.17 of the Court of Common Pleas of Summit County, General Division. Loc.R. 10.17 requires that a party appealing an arbitration award must file, in addition to the notice of appeal, an affidavit executed either by the party or her counsel stating that the appeal is not being taken for delay. Loc.R. 10.17(A)(1). Pivarski did not file such an affidavit with her appeal. On December 9, Hissong-Kenworth filed a motion to dismiss the appeal for lack of the requisite affidavit. On December 10, Pivarski filed a Motion for Leave to File Affidavit Instanter, along with the affidavit. On December 28, the trial court granted the defendant's motion to dismiss, finding that the omission of the affidavit "is a flagrant, substantial disregard for the Court rules rather than a mere minor violation of local rules."
Pivarski filed the instant appeal, asserting that the trial court erred in dismissing the case for lack of the affidavit and that the arbitration panel erred in failing to award damages.
 II. ASSIGNMENT OF ERROR No. 1
The Trial Court Erred In Dismissing Plaintiff-Appellant's Arbitration Appeal For Failure To File An Affidavit.
Pivarski maintains that the trial court abused its discretion in dismissing her appeal de novo for failure to file the appropriate affidavit with the appeal. She cites the Ohio Supreme Court ruling in DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, syllabus. The Court there listed factors evidencing an abuse of discretion when a trial court dismisses a case based on a party's violation of local court rules. However, the DeHart factors apply to situations where a trial court has dismissed a case for "minor, technical, correctable, inadvertent" violations of local rules. Id. This Court has held that when the trial court makes a threshold determination that the omission of an affidavit was "a flagrant, substantial disregard for court rules" the DeHart factors do not apply. Humphrey v. Ohio Water Parks, Inc. (1994), 97 Ohio App.3d 403, 405. The trial court below made such a determination.
An abuse of discretion is more than mere error. It must involve "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. Absent an abuse of discretion by the trial court, an appellate court may not substitute its judgment for that of the trial court. Id.
We find that the trial court did not abuse its discretion in dismissing Pivarski's appeal of the arbitration award. Pivarski's first assignment of error is overruled.
 III.
Because we have concluded that the trial court appropriately dismissed Pivarski's appeal as being improperly and untimely filed, her second assignment of error, which challenges the arbitration panel's award of damages, is moot.
Having overruled Pivarski's first assignment of error, we affirm the judgment of the trial court.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD FOR THE COURT
SLABY, J. CONCURS