JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Jeffrey Davis, the relator, has filed a complaint for a writ of mandamus. Davis seeks an order from this court, which requires Gerald E. Fuerst, Clerk of the Cuyahoga County Court of Common Pleas, the respondent, to accept for filing a "motion for the return of property." Fuerst has filed a motion to dismiss, which we grant for the following reasons.
 {¶ 2} Davis, through his complaint, alleges that he was arrested by the Cleveland Police Dept. on April 26, 2006, and that the amount of $202,433 was confiscated from his residence. Davis further alleges that the confiscated money was delivered into the possession of the "federal government." On August 29, 2007, and again on September 11, 2007, Davis attempted to file a motion captioned "motion for return of property" with Fuerst. The two motions, however, were not accepted for filing by Fuerst and were returned to Davis with an explanation:
 {¶ 3} "In reviewing the case with my supervisor, he informed me you need to file the motion in the jurisdiction your property was seized, Cleveland — Cleveland Clerk, or where your property ended up, Federal Court. Cuyahoga Count Clrek (sic), Sheriff, or Court did no seize or end up with your property." See Exhibit "C" as attached to complaint for a writ of mandamus.
 {¶ 4} Initially, we find that Davis' complaint for a writ of mandamus is procedurally defective. The complaint for a writ of mandamus is not supported by a sworn and notarized affidavit as required by R.C. 2731.04
and Loc.App.R. *Page 4 
45(B)(1)(a). See, also, R.C. 2319.02. The failure of Davis, to attach an affidavit that is sworn to before a notary public, results in a defective complaint which warrants dismissal. Morris v. Bureau ofSentence Computation, Cuyahoga App. No. 89517, 2007-Ohio-1444; State exrel. McKay v. Corrigan, Cuyahoga App. No. 88340, 2006-Ohio-4775. See, also, Humphrey v. Ohio Water Parks, Inc. (1994), 97 Ohio App.3d 403,646 N.E.2d 908.
 {¶ 5} It must also be noted that Davis has failed to comply with R.C.2969.25, which requires the attachment of an affidavit to the complaint for a writ of mandamus that describes each civil action or appeal filed within the previous five years in any state or federal court. Davis' failure to comply with R.C. 2969.25 warrants the dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio ParoleBd., 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; Alford v.Winters, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242.
 {¶ 6} Finally, we find that Davis has failed to state a claim upon which relief can be granted. Davis argues that Fuerst, pursuant to R.C.2933.43, possesses a clear duty to accept for filing his "motion for return of property." In order for this court to issue a writ of mandamus, which requires Fuerst to accept for filing the "motion for return of property," Davis must establish that: (1) Davis possesses a clear right which requires Fuerst to accept for filing the "motion for return of property"; (2) Fuerst possesses a clear legal duty to accept for filing the "motion for return of property"; and (3) Davis possesses no other adequate remedy in the *Page 5 
ordinary course of the law. In the case sub judice, Davis has failed to establish each prong of the aforesaid three-part test.
 {¶ 7} The Supreme Court of Ohio, in State ex rel. Chandler v.Butler (1991), 61 Ohio St.3d 592, 575 N.E.2d 833, held that:
 {¶ 8} "The undisputed facts show that the $4,815 in question was forfeited, pursuant to federal law. See Section 881, Title 21, U.S.Code. Under Article VI of the United States Constitution, the federal Constitution and the laws of the United States are made `the supreme law of the land.' Since the money was forfeited under federal law, it is immaterial what R.C. 2933.43 states about its return. Relator's claim, if any, is against the federal government." State ex rel. Chandler v.Butler, supra, at 593.
 {¶ 9} Since Davis clearly states that his property, in the amount of $202,433, was delivered and/or forfeited to the federal government, we find that the complaint for a writ of mandamus fails to state a claim upon which relief can be granted. State ex rel. Peeples v.Anderson, 73 Ohio St.3d 559, 1995-Ohio-335. See, also, State v.Richard, Cuyahoga App. No. 85918, 2005-Ohio-6969; State v. McCoy (Jan. 19, 2001), Wood App. WD-00-028; State v. Scott (Mar. 22, 2000), Mahoning App. No. 98-CA-174. Davis has failed to establish that he possesses any legal right or that Fuerst possesses any legal duty which requires the acceptance of the "motion for return of property" for filing. In addition, Davis possesses an adequate remedy at *Page 6 
law vis-a-vis a claim as brought against the federal government. Cf.State ex rel. Hastings Mut. Ins. Co. v. Merillat (1990),50 Ohio St.3d 152, 553 N.E.2d 646.
 {¶ 10} Accordingly, we grant Fuerst's motion to dismiss. Costs to Davis. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as mandated by Civ.R. 58(B).
Complaint dismissed.
 JAMES J. SWEENEY, A.J., and KENNETH A. ROCCO, J., CONCUR *Page 1