VORISEK ET AL., APPELLANTS, *v.*
VILLAGE OF NORTH RANDALL ET AL., APPELLEES.

(No. 79-1673—Decided December 10, 1980.)

*Messrs. Jacobs, Finneran, Hayek & Lorenzen, Mr. Edwin
H. Jacobs* and *Ms. Janice S. Evans,* for appellants.
*Mr. Donald C. Freda,* for appellees.

CELEBREZZE, C. J. Local Rule 22 of the Eighth Appellate District provides, in relevant part:

"(B) A party filing a notice of appeal or cross-appeal must, within 10 days of the date of filing, serve on all other parties and file with the Clerk of the Court of Appeals a 'Civil Appeal Statement' in the form specified in section (C). Filing requirements for all documents (praecipe, record, brief) are not suspended by this requirement.

"* * *

"(E) If a party or counsel for a party fails to comply with this rule, the Court of Appeals may impose sanctions, which may include dismissal of the review proceeding as provided in Local Rule 13."

Appellants contend that Local Rule 22 violates Section 5, Article IV, and Section 2, Article I, of the Ohio Constitution.

Section 5 of Article IV provides in relevant part:

"Courts may adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the supreme court. The supreme court may make rules to require uniform record keeping for all courts of the state, and shall make rules governing the admission to the practice of law and discipline of persons so admitted."

Section 2 of Article I provides:

"All political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have the right to alter, reform, or abolish the same, whenever they may deem it necessary; and no special privileges or immunities shall ever be granted, that may not be altered, revoked, or repealed by the general assembly."

We find that Local Rule 22 is both a valid exercise of the Eighth Appellate District's rule-making power and an innovative attempt to expedite the flow of cases in the busiest Appellate District in Ohio.[2]

It is plainly evident that Local Rule 22 is not inconsistent with the Ohio Rules of Appellate Procedure. Local Rule 22

---

[2] In 1979, the Eighth Appellate District had an overall caseload of 2,948 cases pending and filed. See Ohio Courts Summary: 1979 (Twentieth Summary Edition), Office of the Administrative Director, The Supreme Court of Ohio, at page 13.

simply requires the *additional,* not *contradictory,* step of filing a Civil Appeal Statement. As such, we construe Local Rule 22 to be a reasonable, supplementary rule of local practice, not inconsistent with the Appellate Rules promulgated by this court. See *Walters* v. *Griffith* (1974), 38 Ohio St. 2d 132; *Cassidy* v. *Glossip* (1967), 12 Ohio St. 2d 17.

Any evaluation of the validity of Local Rule 22 must take into account the purpose it is designed to serve. In this case, we find that the Civil Appeal Statement not only serves as the cornerstone of the pre-argument settlement conference, but also is effectively employed by the Eighth Appellate District for internal screening and docket control procedures. The lower courts in this state should be encouraged to exercise administrative discretion in deciding how, in light of internal organizational and caseload considerations, they may best proceed to expedite the orderly flow of their dockets.

We also find appellants' equal protection arguments untenable. Initially, we are compelled to point out that all litigants who fail to file a Civil Appeal Statement receive identical treatment—automatic dismissal of their appeal.

Secondly, since Local Rule 22 neither creates a suspect classification nor infringes upon a fundamental right, only the rational basis test applies. *Massachusetts Bd. of Retirement* v. *Murgia* (1976), 427 U. S. 307; *Dandridge* v. *Williams* (1970), 397 U. S. 471; *County Commissioners' Assn.* v. *Pub. Util. Comm.* (1980), 63 Ohio St. 2d 243, 246; *Holloway* v. *Brown* (1980), 62 Ohio St. 2d 65, 75. The rational basis test is met in the instant case since, as previously indicated, Local Rule 22 is a rational technique of judicial management designed to improve judicial efficiency.

Similarly, there is no merit in appellants' contention that the "good cause" exception of Local Rule 13[3] was unequally applied. Each request to reinstate an appeal which was dismissed automatically has unique, distinguishing features and competing equities, thus justifying different results in

---

[3] Local Rule 13 provides, in relevant part:

"(C) Appeals that have been automatically dismissed for failure of the appellant to timely file a motion for extension of time, and/or the failure of the appellant to timely file the record, and/or assignments of error and brief, or for failure to comply with Local Rule 22 or Local Rule 23, will be reinstated only for good cause shown."

cases that appear, on a superficial level, to be similar. In the case *sub judice,* the Court of Appeals decided that appellants failed to demonstrate good cause. Since we find that the Court of Appeals did not abuse its discretion in failing to reinstate appellants' case, it is appropriate for this court to defer to the appellate court's determination that good cause was not shown.

As previously stated in *Drake* v. *Bucher* (1966), 5 Ohio St. 2d 37, 39-40:

"There is no excuse for the failure of any member of the bar to understand or to comply with the rules of this court. They are promulgated so that causes coming before the court will be presented in a clear and logical manner, and any litigant availing himself of the jurisdiction of the court is subjected thereto. Not to be minimized is the necessity of compliance as an accommodation to the correct dispatch of the court's business."

Although our observations in *Drake, supra,* pertained to compliance with our own Rules of Practice, the sentiments expressed therein are equally applicable to Local Rules.

While the sanction of dismissal is an extreme measure, not to be indiscriminately applied, the line must be drawn so that Local Rules continue to be respected and the threat of sanctions continues to be an effective deterrent to the rampant disregard of those rules.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

P. BROWN, SWEENEY and LOCHER, JJ., concur.

W. BROWN, HOLMES and DOWD, JJ., dissent.

PAUL W. BROWN, J., concurring. The local rule at issue in the instant cause, requiring a Civil Appeal Statement, is consistent with the Appellate Rules, since it is an additional requirement that merely supplements other rules. The imposition of this requirement, however, raises an issue as to how far local courts can go in placing additional burdens upon the litigants' attorneys. This Civil Appeal Statement contains 13 requirements, including a listing of the issues presented for

review and the relief sought in the Court of Appeals. These requirements appear reasonable and useful to the Court of Appeals and the appellant has not demonstrated them to be otherwise.

Although the instant cause does not directly raise this issue, it is clear that at some point the value of these additional filings must be weighed against the burden they place on the litigants. The federal courts have recognized that these required local filings can be carried to impermissible extremes. *McCargo* v. *Hedrick* (C.A. 4, 1976), 545 F. 2d 393. Local courts can not be given carte blanche authority to enact layers of additional rules imposing greater and greater requirements simply as they see fit.[4]

In this cause, however, appellants have not met the burden of demonstrating an invalidity in this rule of that nature.

HOLMES, J., dissenting. I must dissent from the majority opinion herein. The Rules of Appellate Procedure enable appellate courts throughout the state to promulgate local rules which may assist the court in accommodating its own docket based upon their own particular problems. However, in so adopting the local rules, the meaning and purpose of the Appellate Rules, as adopted by this court, must not be overlooked or abrogated. The Rules of Appellate Procedure, in Rule 31, provide that local rules may be adopted "which are not inconsistent" with such Rules of Appellate Procedure.

It is true that App. R. 3(A) provides that failure to take any step other than the timely filing of the notice of appeal would be ground for such action as the Court of Appeals deems appropriate, "which may include dismissal of the appeal."

However, emphasis, and deference, should be given to the language of the first portion of such rule which states that "[f]ailure of an appellant to take any step other than the

---

[4] In addition to reviewing the utility of such a rule as compared to the burden it places upon litigants, the appropriateness of the sanction for a failure to comply must be scrutinized. The need for an efficient judiciary must be weighed against the sound public policy of deciding cases on their merits. *Reizakis* v. *Loy* (C.A. 4, 1974), 490 F. 2d 1132, 1135; *Ag Rancho Equipment Co.* v. *Massey-Ferguson, Inc.* (1979), 123 Ariz. 122, 123-24, 598 P. 2d 100.

timely filing of a notice of appeal does not affect the validity of the appeal***."

Although a reasonable use of this local rule may prove to be a great aid in expediting the recognized overwhelmingly burdensome caseload of this Court of Appeals, the enforcement of the ultimate sanction of dismissal, where such statement has not been filed, and where it has not been shown that the appellee had been prejudiced thereby, does not best serve the appellate rights of the public.

I submit that the utilization of this Local Rule 22 and application of the sanction of dismissal thereunder where such rule was inadvertently not followed by the appellant, and where there is no showing of prejudice to the appellee, would provide reason for this court to find an abuse of discretion for a dismissal based solely upon a failure to file such "Civil Appeal Statement."

I would accordingly reverse the judgment of the Eighth District Court of Appeals.

W. BROWN and DOWD, JJ., concur in the foregoing dissenting opinion.