RICHARDSON BROTHERS, INC. ET AL., APPELLANTS, v. [DAVID PORTER, D.B.A.] DAVE'S TOWING SERVICE, APPELLEE.

(Nos. 1210 and 1212—Decided April 27, 1983.)

·Mr. Gregory E. Hoover, for appellant Richardson Brothers, Inc.

Mr. Matthew J. Koch, for appellants Warren L. Richardson and Federal Kemper Insurance Co.

Mr. James L. Kimbler, for appellee.

BAIRD, J. Richardson Brothers, Inc.'s truck got stuck in the mud. When Dave's Towing Service tried to pull the truck out, it fell over. Richardson Brothers, Inc., later joined by its insurer and another, brought this action against Dave's Towing Service to recover damages. Pursuant to Local Rule 17 of the Court of Common Pleas of Medina County (hereinafter "Local R. 17"), the case was submitted to arbitration. In a report filed on September 10, 1982, the arbitrators found for defendant. Both the plaintiff and the intervening plaintiffs appealed, but none of them filed an affidavit that the appeal was not for purposes of delay. Defendant moved to dismiss; and, after a hearing, the court granted defendant's motion. Plaintiffs appeal.

Assignment of Error

"The trial court abused its discretion in dismissing appellant's appeal of

an arbitration award to the Medina County Common Pleas Court."

Local R. 17 follows C.P. Sup. R. 15(D)(1) in requiring an affidavit with the notice of appeal. This requirement is procedural rather than jurisdictional. *McKinnis* v. *Stropes* (App. 1980), 19 O.O.3d 344, 345; and *Martin* v. *Carlucci* (Mar. 31, 1982), Lake App. No. 8-270, unreported. Dismissal as a sanction for failure to comply with procedural requirements lies within the discretion of the court. *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189 [23 O.O.3d 210]. While *DeHart* cautions (*id.* at 192) that the court must exercise its discretion carefully when dismissing a case on procedural grounds, this does not mean that the court must ignore noncompliance with its rules. *Vorisek* v. *North Randall* (1980), 64 Ohio St. 2d 62 [18 O.O.3d 296].

The affidavit requirement in Local R. 17 is a clearly mandatory step in the appeal process designed to protect the non-appealing party from delaying tactics, to enhance the finality of arbitration proceedings, and to keep the court's docket clear of frivolous proceedings. The affidavit procedure of Local R. 17 is not an obscure provision skulking in the dim recesses of local practice to waylay the uninitiated, but is a requirement specifically provided by the Supreme Court in its Rules of Superintendence, *i.e.,* C.P. Sup. R. 15(D)(1). Arbitration is intended to facilitate the expeditious disposition of cases, not to provide the parties with a dress rehearsal for trial in court. To completely ignore the affidavit requirement could impair the effectiveness of arbitration proceedings. We conclude, therefore, that the court may, in its discretion, dismiss an appeal from arbitration proceedings for the appellant's failure to provide the necessary affidavit with his notice of appeal.

In this case neither the plaintiff nor the intervening plaintiffs filed an affidavit, even after they had been served with defendant's motion to dismiss, and none of the plaintiffs presented an affidavit at the hearing. Neither the plaintiff nor the intervening plaintiffs offered any justification for their failure to comply with the rules of court. The court in this case was familiar with the issues through pretrial proceedings and was in a position to determine what disposition would best serve the ends of justice. Plaintiffs have failed to demonstrate that the court abused its discretion; and, accordingly, we overrule the assignment of error.

The judgment is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and GEORGE, J., concur.