OPINION
Defendants-appellants, Richard and Patricia Willis, appeal the Butler County Court of Common Pleas decision dismissing their appeal from an arbitration award in favor of plaintiff-appellee, James R. Eversole.
On March 4, 1994, Eversole filed a claim against the Willises on an account for money owed. The Willises filed their answer on May 3. On June 20, 1994, the trial court referred the case to compulsory non-binding arbitration. The arbitration was continued several times. On May 23, 1995, the Willises filed a motion for leave to file a counterclaim. The court granted the motion and the Willises filed their counterclaim on July 19, 1995. On September 22, 1995, an arbitration panel heard the parties' evidence. The arbitration panel awarded Eversole $2,973.41 and ruled against the Willises on their counterclaim.
On October 23, 1995, the Willises filed an appeal from the arbitration award. On January 18, 1996, Eversole moved for dismissal of the appeal because the Willises had not submitted a mandatory affidavit providing that the appeal was not interposed for the purpose of delay. On February 2, 1996, the Willises filed a motion for leave to file the required affidavit.
On July 8, 1996, the trial court dismissed the Willises' appeal. In its decision filed May 21, 1996, the court recognized that the affidavit requirement was procedural not jurisdictional. The court, however, noted that the Willises did not file the required affidavit even after they were served with Eversole's motion to dismiss. The trial court also emphasized that the Willises did not offer any justification for their failure to comply with the applicable rule.
Under a single assignment of error, the Willises complain that the trial court abused its discretion in dismissing their appeal. This court disagrees.
Loc.R. 4.01(m)(1) of the Court of Common Pleas of Butler County, General Division, provides that a party wishing to appeal an arbitration decision must file a notice of appeal within thirty days after the entry of the award "accompanied by an affidavit that the appeal is not being taken for delay." Loc.R. 4.01 follows C.P.Sup.R. 15(A)(2)(d) in requiring such an affidavit when appealing an arbitration decision.
The affidavit requirement is procedural rather than jurisdictional, and dismissal as a sanction for failure to comply lies within the discretion of the court. DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189. The Ninth District Court of Appeals has said:
 The affidavit requirement * * * is a clearly mandatory step in the appeal process designed to protect the non-appealing party from delaying tactics, to enhance the finality of arbitration proceedings, and to keep the court's docket clear of frivolous proceedings. The affidavit procedure * * * is not an obscure provision skulking in the dim recesses of local practice to waylay the uninitiated, but is a requirement specifically provided by the Supreme Court in its Rules of Superintendence * * *.
Richardson Brothers, Inc. v. Dave's Towing Service (1983),14 Ohio App.3d 1, 2. In Richardson Brothers, the court affirmed dismissal of an arbitration appeal after noting that the appellants did not come forward with the required affidavit even after service of a motion to dismiss and did not offer any justification for their failure to comply with court rules.
The Willises complain that there is no evidence that their failure to file the required affidavit was not made in good faith. The Willises, however, have not offered any justification for their failure to file the required affidavit. The Willises did not file the necessary affidavit even after they were served with Eversole's motion to dismiss, although they could have attached such an affidavit to their motion for leave to file the affidavit. Under these circumstances, the trial court did not abuse its discretion in dismissing the Willises' appeal. The Willises' single assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.