[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] AMENDED DECISION AND FINAL JUDGMENT ENTRY
This matter is before us on appellant's motion to determine jurisdiction and to schedule briefing. In particular, the motion raises the issue of whether the trial court's January 11, 200 "Decision, Order and Entry Overruling Plaintiff's Motion to Strike Appeal and Affidavit" is a final, appealable order. According to appellant, the order is final and appealable because it was entered in a special proceeding and deprived Appellant of a substantial right.
The record indicates that appellant, Marc Hellman, filed a complaint against appellee, Al Castrucci, for compensation due under a written employment agreement. Subsequently, the case was referred for mandatory, non-binding arbitration, pursuant to Loc.R. 2.35 of the Court of Common Pleas of Montgomery County, General Division. On November 1, 1999, an arbitration report and award was filed, awarding Hellman $73,489.22. Additionally, the arbitrator rejected Castrucci's counterclaims. Castrucci then filed a timely appeal from the award from the trial court on November 17, 1999, and also filed an affidavit indicating that the appeal was not taken for purposes of delay.
On December 13, 1999, Hellman filed a motion to strike the notice of appeal and affidavit. Hellman's motion was based on the fact that defense counsel's affidavit failed to say that the arbitration award was unjustified. In this regard, Hellman relied on Loc.R. 2.35(XI)(B), which states that:
 [a]n appellant shall file a notice of appeal de novo in the office of the Clerk of Courts, together with an affidavit indicating that the appeal is not being taken for delay but because the appellant believes the arbitration award is not justified.
Hellman's position was that the language required by Loc.R. 2.35(XI)(B) is jurisdictional, meaning that the failure to include all necessary statements deprived the trial court of jurisdiction over the appeal.
However, the trial court did not agree. Specifically, the court concluded that the phrase "but because the appellant believes the arbitration award is not justified" was redundant and was not an additional requirement for perfecting an appeal. In this regard, the court pointed out that if an appellant had said the arbitration award was unjust, it would be repetitive to also say that the appeal was not being taken for purposes of delay. Accordingly, on January 11, 2000, the court overruled the motion to strike the notice of appeal and affidavit.
As we mentioned, Hellman contends that the trial court's January 11, 2000 decision is final and appealable under R.C.2505.02(B)(2), which allows immediate appeal of "[a]n order that affects a substantial right made in a special proceeding." According to Hellman, arbitration is a special proceeding. Hellman further claims he was deprived of a substantial right because Loc.R. 2.35(X)(F) gives parties who receive arbitration awards a right to mandatory entry of judgment unless a compliant appeal is filed.
We disagree with both contentions. Looking first at the final order statute, R.C. 2505.02(A)(2) defines "special proceeding" as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." The arbitration procedures involved in this case do not fit within that definition, because they were not created by statute. Instead, they were created by local rule of a common pleas court. In this regard, we think that if the legislature had wanted to include local rules within the definition of "special proceeding," it would specifically done so. In particular, the legislature could have used a term with a broader meaning than "statute," which is defined as "[a]n act of the legislature declaring, commanding, or prohibiting something." Black's Law Dictionary (4 Ed. Rev. 1968) 1581. Likewise, the legislature could have added the words "or by local rule" to R.C.2505.02(A)(2).
The reason for not including such items within the definition of special proceedings is apparent. Under the Ohio Constitution, courts may adopt rules governing local practice that are not inconsistent with rules of the Ohio Supreme Court. Vorisek v.Village of North Randall (1980), 64 Ohio St.2d 62, 63. In construing this rule-making power, the Ohio Supreme Court has encouraged local courts "to exercise administrative discretion in deciding how, in light of internal organizational and caseload considerations, they may best proceed to expedite the orderly flow of their dockets." Id. at 64. Consistent with the goal of expediting docket flow, Loc.R. 2.35 was designed "to provide a fair and expeditious method for resolution of factual disputes and controversies." It is no secret that if cases are resolved through arbitration, the parties and the court may save time. By the same token, if local rules can transform normal civil actions into "special proceedings," with the rights of immediate appeal that follow, orderly docket flow could be severely disrupted.
It is true that arbitration proceedings have been held to be "special proceedings." See, e.g., Shopsmith WoodworkingPromotions, Inc. v. American Woodworking Academy, Inc. (Oct. 18, 1995), Montgomery App. No. 15268, unreported, p. 2. However, this designation refers to cases brought under the Ohio Arbitration Act, which allows parties to petition the common pleas court for enforcement of written arbitration agreements, or to ask the court to vacate, modify, confirm, or correct awards made in arbitration proceedings. Id. See also, R.C. Chap. 2711; R.C. 2711.03
(enforcement of written agreement for arbitration), and R.C.2711.09 (application to court for order confirming, vacating, modifying, or correcting arbitration award).
Notably, R.C. Chap. 2711 is based on pre-existing written agreements for arbitration and existing arbitration awards, which are subsequently enforced through court proceedings. Thus, a court can stay a civil action and allow issues to be arbitrated outside the context of the lawsuit, or it can enforce or review an existing arbitration award. This type of statutory arbitration was present in Ohio before 1853. See, e.g., Carey v. Commrs. ofMontgomery Cty. (1850), 19 Ohio 245, 279-80 (discussing 1831 arbitration statute, which was quite similar to the present-day R.C. Chap. 2711). Such arbitration proceedings were not recognized as "civil actions;" but were considered "special proceedings." Moore v. Boyer (1884), 42 Ohio St. 312 (noting that because statutory arbitration was a "special proceeding" and was not a civil action, no right of appeal existed). Again, however, the fact that statutory proceedings to enforce arbitration awards are classified as special proceedings has nothing to do with arbitration which is done pursuant to local court rule. As we indicated, this type of arbitration is simply an incidental technique used to expedite the court's case flow. Consequently, we conclude that arbitration mandated by Loc.R. 2.35 does not transform an ordinary civil action into a "special proceeding."
As an additional matter, even if the arbitration in this case were considered a "special proceeding," the trial court decision did not deprive Hellman of a "substantial right." According to R.C. 2505.02(A)(1), a substantial right is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." Examples of orders affecting these kinds of "substantial rights" are orders suppressing evidence (where deprivation of the evidence makes obtaining a conviction impossible), or orders denying a de novo hearing (where the denial forecloses a party's ability to rebut its opponent's case). See,e.g., Union Camp Corp., Harchem Division v. Whitman (1978),54 Ohio St.2d 159, 162-63.
As we mentioned, Hellman claims he had a right to have judgment entered on the arbitration award absent an effective appeal. Therefore, because the trial court refused to strike the defective notice of appeal, Hellman was deprived of this "substantial right." Once more, we must disagree.
In this regard, Loc.R. 2.35(X)(F) says that "[a]ll reports and awards shall be final and shall have the legal effect of a verdict unless they are appealed as provided herein." As we noted, the provisions for appeal include the filing of a notice and an affidavit indicating that the appeal is not being taken for purposes of delay. However, these arbitration appeal requirements have been held to be procedural, not jurisdictional. RichardsonBros., Inc. v. Dave's Towing Service (1983), 14 Ohio App.3d 1;Karkow v. Keefner (Dec. 20, 1996), Trumbull App. No. 96-T-5483, unreported, p. 2; and Jerels v. Conner (July 16, 1997), Summit App. No. 18181, unreported, p. 2. Furthermore, a decision on dismissal for failure to comply with arbitration appeal requirements is reviewed for abuse of discretion. Karkow, at p. 2 and Jerels, at p. 2.
We agree with this treatment, as it is consistent with the Ohio Supreme Court's observation that:
 [L]ocal rules must encourage promptness and efficiency, on the one hand, and fairness and justice on the other. Fairness and justice are best served when a court disposes of a case on the merits. Only a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds. Local rules, at any level of our state court system, should not be used as a judicial mine field, with disaster lurking at every step along the way.
 DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, 192-93.
Because arbitration appeal requirements are procedural, and because Hellman may fully litigate any abuse of discretion following the final judgment in this case, we cannot see how Hellman has been deprived of a substantial right. This is not a situation where the trial court decision has precluded Hellman from rebutting his opponent's case or from proceeding with his own claims. To the contrary, the trial court decision simply allowed both sides to continue to present their side of the controversy. Admittedly, Hellman did not receive a money judgment as soon as he wanted. However, if any error existed (a fact we do not assume), it may be raised on appeal after final judgment.
In view of the preceding analysis, the motion to determine jurisdiction is overruled, and this case is dismissed for lack of a final, appealable order.
IT IS SO ORDERED.
 ______________________________ PER CURIAM
WILLIAM H. WOLFF, JR., MIKE FAIN, FREDERICK N. YOUNG, Judges.