DECISION.
{¶ 1} Defendant-appellant Donte Peoples appeals the Hamilton County Common Pleas Court's judgment overruling his "Motion to Withdraw Guilty Plea" and "Motion to Modify Sentence." He advances on appeal four assignments of error, in which he assails the court's refusal to afford him the relief sought and its failure to provide him with a hearing or an opportunity to respond to the state's opposing memorandum. We affirm the judgment of the court below.
 {¶ 2} In August of 2004, Peoples entered guilty pleas to voluntary manslaughter and felonious assault. In exchange for the pleas, the state dismissed two counts of murder and single counts of attempted murder and having a weapon under a disability. The trial court accepted the pleas and found Peoples guilty of the charges and their accompanying firearm specifications. The court then imposed agreed sentences of confinement of ten years for voluntary manslaughter, five years for felonious assault, and three years for the specifications, and it ordered that the sentences for voluntary manslaughter and felonious assault be served concurrently with each other, but consecutively to the three-year term for the specifications, for a total of thirteen years.
 {¶ 3} Peoples did not appeal his convictions. Instead, in May of 2005, he submitted to the common pleas court a single filing titled "Motion to Withdraw Guilty Plea" and "Motion to Modify Sentence." The court overruled the motions, and Peoples appealed.
 {¶ 4} In his first assignment of error, Peoples contends that the common pleas court abused its discretion when it "granted" the state's "motion to dismiss/motion for summary judgment." He asserts, in his second assignment of error, that the court erred in overruling his "Motion to Modify Sentence" and "Motion to Withdraw Guilty Plea" without first conducting an evidentiary hearing. In his third assignment of error, he contends that the court denied him procedural due process when, in contravention of Civ.R. 12(A) and Loc.R. 14(B) of the Court of Common Pleas of Hamilton County, it overruled his motions without first affording him an opportunity to respond to the state's opposing memorandum. And in his fourth assignment of error, he contends that he was denied the effective assistance of counsel, because his trial counsel failed to challenge, under the United States Supreme Court's decisions in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S. Ct. 2348, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, the trial court's imposition of the maximum prison term for voluntary manslaughter and of nonminimum terms for voluntary manslaughter and felonious assault. We address these assignments of error as they relate, first, to Peoples's "Motion to Modify Sentence" and, second, to his "Motion to Withdraw Guilty Plea."
 I. Motion to Modify Sentence {¶ 5} We note at the outset that Peoples, in his first assignment of error, mischaracterizes the judgment he challenges on appeal. The common pleas court did not "grant," because the state did not file, either a "motion to dismiss" or a "motion for summary judgment." The court instead overruled Peoples's "Motion to Withdraw Guilty Plea" and "Motion to Modify Sentence," following the state's submission of a "Memorandum in Opposition" to the motions.
 {¶ 6} We further note that Peoples, in support of his motions, invoked Crim.R. 32.1. While Crim.R. 32.1 governs the proceedings on a motion to withdraw a guilty plea, it does not provide a vehicle for "modify[ing]" a sentence. R.C. 2953.21 et seq., which govern the proceedings upon a postconviction petition, provides "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." See R.C. 2953.21(J). Thus, the court below, faced with Peoples's collateral attack upon his sentences in his "Motion to Modify Sentence," should have recast the motion as a postconviction petition and reviewed it under the standards provided by R.C. 2953.21 et seq.[1]
 A. Postconviction Relief under R.C. 2953.21 et seq. {¶ 7} R.C. 2953.21(A)(1)(a) permits a collateral attack upon a judgment of conviction by one "who claims that there was such a denial or infringement of his rights [in the proceedings resulting in his conviction] as to render [his conviction] void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(2) requires a petitioner who, like Peoples, has taken no direct appeal to file his petition "no later than one hundred eighty days after the expiration of the time for filing the appeal." Peoples filed his "Motion to Modify Sentence" more than two months after the time afforded under R.C.2953.21(A)(2) had expired.
 {¶ 8} A common pleas court's jurisdiction to entertain a tardy postconviction petition is closely circumscribed: The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the prescribed time had expired. And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty." R.C. 2953.23.
 {¶ 9} Peoples did not, as he could not, demonstrate that "but for" his trial counsel's incompetence in advising him to agree to the aggregate thirteen-year sentence, "no reasonable factfinder would have found [him] guilty of the offense[s] of which [he] was convicted." See R.C. 2953.23(A)(1)(b). Therefore, the common pleas court had no jurisdiction to entertain Peoples's "Motion to Modify Sentence." Accordingly, we hold that the court properly overruled the motion.
 B. Failure to Conduct a Hearing {¶ 10} A common pleas court may conduct a hearing on a postconviction claim, or it may dismiss the claim without a hearing if the petitioner has failed to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. See R.C. 2953.21(C). Thus, the purpose of a hearing on a postconviction claim is to aid the court in determining the claim on its merits. It follows that the court need not conduct a hearing on a postconviction claim that the court has no jurisdiction to entertain. We, therefore, hold that the common pleas court properly overruled Peoples's "Motion to Modify Sentence" without an evidentiary hearing.
 C. Failure to Permit a Response to the State's Opposing Memorandum {¶ 11} Equally unsustainable is Peoples's contention that the common pleas court denied him procedural due process when it failed to afford him an opportunity to respond to the state's opposing memorandum.
 {¶ 12} Peoples filed his motions on May 24, 2005. The state filed its opposing memorandum on June 7, and on the same day, the common pleas court, upon consideration of the motions and the memorandum, denied the motions.
 1. Civil Rule 12(A) {¶ 13} Peoples insists that Civ.R. 12(A) gave him fourteen days to reply to the state's "motion to dismiss/motion for summary judgment." He mistakes the rule's application.
 {¶ 14} Civ.R. 12(A)(2) extends by fourteen days the period of time set for filing "a responsive pleading" when the pleading's filing is "delayed because of service of [a Civ.R. 12(B)] motion" to dismiss.
 {¶ 15} The rule, by its terms, applies to "responses and motions" permitted in a civil action. As we have already determined, Peoples's "Motion to Modify Sentence" was essentially an R.C. 2953.21 petition for postconviction relief. And postconviction proceedings under R.C. 2953.21 et seq. are civil in nature.
 {¶ 16} But the state did not file either a "motion to dismiss" or a "motion for summary judgment." It instead submitted a "Memorandum in Opposition" that "merely brought to the court's attention" the legal basis for dismissal and "added nothing to what the court, presumptively, already knew and was otherwise required to apply to [Peoples's] claims * * *." See State v.Williams (Aug. 1, 1997), 1st Dist. No. C-960822; accord Statev. Gipson (Sept. 26, 1997), 1st Dist. Nos. C-960867 and C-960881. Thus, the state's submission of a memorandum in opposition to Peoples's "Motion to Modify Sentence" did not implicate Civ.R. 12. Accordingly, we hold that the rule did not afford Peoples fourteen days to respond to the state's memorandum in opposition to his motion.
 2. Local Rule 14(B) {¶ 17} Peoples asserts that the court denied him due process when it failed to afford him the opportunity provided under Loc.R. 14(B) of the Court of Common Pleas of Hamilton County to respond to the state's memorandum in opposition to his "Motion to Modify Sentence." The rule provides that a "memorandum contra to [a] motion shall be served upon movant's trial attorney within ten days from the date the memorandum in support of the motion and proof of service thereof, was served," and "[a] reply memorandum may be served and filed within seven days of the service of the memorandum contra."
 {¶ 18} Again, Peoples's "Motion to Modify Sentence" was reviewable as a postconviction petition. Thus, the state cannot be said to have submitted its opposing memorandum in response to a "motion," as contemplated by Loc.R. 14(B).
 {¶ 19} Even if we construed the local rule to permit a response to a memorandum in opposition to a postconviction petition, the Ohio Supreme Court's recent decision in Smith v.Conley, 109 Ohio St.3d 141, 2006-Ohio-2035, ___ N.E.2d ___, at ¶ 9, is dispositive. In Smith, the court held that local rules, "promulgated by and applied by local courts for the convenience of the local bench and bar," "are administrative in nature — designed to facilitate case management" and "do not implicate constitutional rights." We, therefore, hold that the common pleas court did not deny Peoples procedural due process, when it failed to give him the seven days provided under Loc.R. 14(B) to respond to the state's memorandum in opposition to his "Motion to Modify Sentence."[2]
 II. Motion to Withdraw Guilty Plea A. Withdrawal of Guilty Pleas under Crim.R. 32.1 {¶ 20} Crim.R. 32.1 governed Peoples's "Motion to Withdraw Guilty Plea." The rule authorizes a trial court to permit a defendant to withdraw a guilty plea after sentence only "to correct manifest injustice." See State v. Smith (1977),49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. The determination of whether the defendant has demonstrated "manifest injustice" is committed to the sound discretion of the trial court and will not be disturbed on appeal unless the court abused its discretion. See id., paragraph two of the syllabus.
 {¶ 21} Peoples contended in support of his motion that his pleas were the unintelligent product of his trial counsel's ineffectiveness. He argued that the court could not, consistent with Blakely v. Washington, supra, have imposed the agreed prison sentences, because a jury had not found, and he had not admitted, the facts necessary to exempt him from the presumptive minimum terms or to subject him to the maximum term. He asserted that, under Blakely, the court could only have sentenced him to the three-year minimum for voluntary manslaughter, concurrent with the two-year minimum for felonious assault, and consecutive to the three-year sentence for the specifications, for a total of six years. And he insisted that if he had known that the court could have imposed only concurrent minimum prison terms for the crimes to which he had pled guilty, he would not have agreed to the longer terms. Thus, he asserted, his counsel was ineffective in advising him to agree to the collective thirteen-year sentence.
 {¶ 22} Federal and state due-process considerations require that a guilty plea "represent a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford (1970), 400 U.S. 25, 31,91 S.Ct. 160, 164; accord Hill v. Lockhart (1985), 474 U.S. 52,56, 106 S.Ct. 366, 369; State v. Engle (1996),74 Ohio St.3d 525, 527, 660 N.E.2d 450. A defendant who enters a guilty plea waives the right to challenge his trial counsel's effectiveness, except to the extent that counsel's ineffectiveness rendered the plea less than voluntary or intelligent. See State v. Barnett
(1991), 73 Ohio App.3d 244, 248, 596 N.E.2d 1101. When, as here, a defendant seeks to withdraw his guilty pleas on the ground that the pleas were the unintelligent product of his counsel's ineffectiveness, he must demonstrate "first, * * * that counsel's performance was deficient," Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, and, second, "that there is a reasonable probability that, but for counsel's [deficient performance, the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart,474 U.S. at 59, 106 S.Ct. at 370; see State v. Xie (1992),62 Ohio St.3d, 521, 524, 584 N.E.2d 715; State v. Blackwell (1998), 1st Dist. No. C-970150.
 {¶ 23} We note that Peoples failed to take a direct appeal from his convictions, and that he neglected to submit with his motions a copy of a transcript of the proceedings at the plea hearing or at sentencing. Consequently, the common pleas court, in ruling upon Peoples's motions, did not have before it the record of those proceedings.
 {¶ 24} In the affidavit offered in support of his motions, Peoples insisted that, but for his trial counsel's deficient performance, he would not have agreed to the longer prison terms. But while he invoked Crim.R. 32.1 in support of his "Motion to Withdraw Guilty Plea," Peoples did not expressly seek to withdraw his guilty pleas and proceed to trial. He instead prayed for "an Order, modifying his * * * sentence * * * from a total of thirteen years to a total of six years." Thus, Peoples sought relief that Crim.R. 32.1 does not afford.
 {¶ 25} Finally, we note the recent decision of the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. In Foster, the supreme court applied Blakely to declare unconstitutional, and to excise from the Revised Code, those portions of the sentencing statutes that created the presumption of a minimum sentence and that required judicial factfinding to overcome a presumptive minimum sentence or to impose a maximum sentence. Id. at ¶ 97; see R.C. 2929.14(B) and 2929.14(C). If, despite the deficiencies in Peoples's prayer for relief, we reversed the judgment of the common pleas court and ordered the court to grant him the relief afforded by Crim.R. 32.1, he would be subject to a trial on the charges on which he was indicted, not on the reduced charges to which he pled. And a trial on those charges would, in the wake of Foster, expose him to consecutive maximum sentences of life on each of the two murder charges, ten years on the attempted-murder charge, eight years on the felonious-assault charge, and five years on the charge of having a weapon under a disability, in addition to the three-year term for the firearm specifications.
 {¶ 26} Under these circumstances and upon the record before us, we can only concur with the common pleas court's conclusion, implicit in its denial of the "Motion to Withdraw Guilty Plea," that Peoples failed to demonstrate that the withdrawal of his pleas was necessary to correct a manifest injustice. See Crim.R. 32.1. We, therefore, hold that the court did not abuse its discretion when it overruled the motion.
 B. Failure to Conduct a Hearing {¶ 27} Peoples also contends that the common pleas court erred when it denied his "Motion to Withdraw Guilty Plea" without first conducting an evidentiary hearing.
 {¶ 28} Crim.R. 32.1 does not expressly require a court to hold a hearing on a postsentence motion to withdraw a guilty plea But this court has effectively adopted a rule that requires a hearing if the facts alleged in the motion, and accepted as true by the court, would require that the plea be withdrawn. The decision to hold a hearing is discretionary with the trial court and will not be disturbed unless the court has abused its discretion. See State v. Brown, 1st Dist. No. C-010755, 2002-Ohio-5813.
 {¶ 29} As we have noted, Peoples did not expressly seek to withdraw his guilty pleas and proceed to trial. He instead sought "modif[ication]" of his sentences, relief that Crim.R. 32.1 does not afford. We, therefore, cannot say that the common pleas court abused its discretion when it declined to conduct a hearing on Peoples's "Motion to Withdraw Guilty Plea."
 C. Failure to Permit Response to Opposing Memorandum {¶ 30} Nor did the court deny Peoples procedural due process when it overruled his "Motion to Withdraw Guilty Plea" without first affording him an opportunity to respond to the state's opposing memorandum.
 1. Civil Rule 12(A) {¶ 31} As we have noted, Civ.R. 12(A)(2) extends by fourteen days the period of time set for filing "a responsive pleading" when the pleading's filing is "delayed because of service of [a Civ.R. 12(B)] motion" to dismiss. The rule applies to "responses and motions" permitted in a civil action. Therefore, the rule did not apply to the proceedings on Peoples's Crim.R. 32.1 "Motion to Withdraw Guilty Plea."
 2. Local Rule 14(B) {¶ 32} Loc.R. 14(B) of the Court of Common Pleas of Hamilton County allows ten days for filing a "memorandum contra to [a] motion" and seven days thereafter for the "movant" to respond with a "reply memorandum." Unlike postconviction proceedings pursuant to R.C. 2953.21 et seq., Crim.R. 32.1 proceedings are instituted by means of a "motion." Thus, by its terms, Loc.R. 14(B) afforded Peoples seven days to respond to the state's memorandum in opposition to his "Motion to Withdraw Guilty Plea."
 {¶ 33} But, again, the Ohio Supreme Court's recent decision in Smith v. Conley, supra, is dispositive. Because local rules "do not implicate constitutional rights," the common pleas court did not deny Peoples procedural due process, when it failed to give him the seven days provided under Loc.R. 14(B) to respond to the state's memorandum in opposition to his "Motion to Withdraw Guilty Plea." Id. at ¶ 9.[3]
 III. Conclusion {¶ 34} Finding no merit to any aspect of the challenges presented on appeal, we overrule the assignments of error and affirm the judgment of the common pleas court.
Judgment affirmed.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] The Ohio Supreme Court, in State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, at ¶ 10, held that when a court is confronted with a collateral attack upon a criminal conviction in the form of "an irregular `no-name' motion," i.e., a motion that fails to delineate a statute or rule under which relief might be granted, the court must "classify" or "categorize" the motion "to know the criteria by which the motion should be judged."
[2] Our decision in State v. Gipson (Sept. 26, 1997), 1st Dist. Nos. C-960867 and C-960881, provides an additional basis for rejecting this challenge. In Gipson, we noted that local rules apply in postconviction proceedings only to the extent that the local rules are not inconsistent with the postconviction statutes. We further noted that R.C. 2953.21 permits a common pleas court to summarily dismiss a postconviction petition when the record shows that the petitioner is not entitled to relief. Thus, we reasoned, even if the local rule could be read to permit a response to a memorandum in opposition to a postconviction petition, the rule is inconsistent with, and thus must yield to, R.C. 2953.21 when the petition is subject to summary dismissal.
[3] Before the supreme court's decision in Smith v. Conley,
the Eleventh Appellate District reached the contrary conclusion. In State v. Vernon, 11th Dist. No. 2001-L-102, 2002-Ohio-5153, the Eleventh Appellate District held that the common pleas court had violated Vernon's procedural due-process rights, when the court denied Vernon's Crim.R. 32.1 motion without considering his reply to the state's opposing memorandum, when the reply was permitted by, and was timely filed under, the local rule.