[Cite as *Bayus v. Chaney*, 2013-Ohio-5269.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| GERALD BAYUS, JR., | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | CASE NO.  2013-T-0027 |
| JOHN CHANEY, III, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2011 CV 1107.

Judgment: Affirmed.

*Kevin J.M. Senich,* Kevin J.M. Senich, L.L.C., 4438 Pearl Road, Cleveland, OH 44109-4225 (For Plaintiff-Appellant).

*Cheryl D. Atwell* and *Holly Marie Wilson,* Reminger Co., LPA, 101 West Prospect Avenue, Suite 1400, Cleveland, OH  44115 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1}   Appellant, Gerald Bayus, Jr., appeals from the judgment of the Trumbull County Court of Common Pleas granting summary judgment to appellee, John Chaney, III.  At issue on appeal is whether the trial court erred in concluding, as a matter of law, appellant's complaint for legal malpractice was time-barred by operation of R.C. 2305.11(A).  For the reasons discussed below, we affirm.

**{¶2}** In 2007, appellant retained Attorney William Roux to advise him regarding a legal separation from his wife. Appellee subsequently became involved in the separation matter; the parties do not dispute appellee was, at least in part, representing appellant at the time appellant and his wife entered a separation agreement in July 2007. In September 2007, a hearing was held relating to the separation; appellant was present with Attorney Roux and wife was present with her counsel. The trial court subsequently entered a decree of legal separation, incorporating the separation agreement which included a shared parenting agreement.

**{¶3}** In February 2008, wife moved to terminate the shared parenting agreement, which appellant, via appellee, opposed. Later, in September 2008, wife filed a complaint for divorce. In December 2008, appellant, through appellee, filed a motion to vacate the decree of legal separation. Appellant's motion was premised upon his belief that the separation agreement was a global settlement of all marital issues and, by moving to modify custody, his wife was violating the agreement. And, if the modification was permitted, appellant claimed the remaining aspects of the agreement, including the resolution of property and spousal support, must be vacated. The court denied the motion in July 2009. The court determined that, regardless of the agreement, the trial court retained jurisdiction to modify custody as a matter of law. The remaining aspects of the agreement, however, were non-modifiable. No appeal was taken from this judgment. And, in August 2009, wife ultimately dismissed the complaint for divorce and the parenting order was modified by agreement of the parties.

**{¶4}** On May 18, 2010, appellee sent appellant a letter regarding his ongoing representation for the purposes of enforcing appellant's parenting time. On May 28,

2010, appellant responded to the letter and terminated appellee's representation. On May 23, 2011, appellant filed a complaint alleging legal malpractice. Appellant later, through new counsel, filed an amended complaint asserting the same cause of action.

{¶5} In support of the amended complaint, appellant alleged appellee breached his professional duties by failing to valuate the marital estate; failing to properly prepare the case for trial; and wrongfully advising appellant to settle his legal separation action against his best interests. Appellee answered the complaint, denying the allegations and asserting the cause was barred by the applicable statute of limitations.

{¶6} Appellee subsequently filed a motion for summary judgment in which he alleged the latest date the action could have accrued was March of 2009. Appellee asserted that the cognizable event triggering the alleged malpractice was when appellant became actually aware that the separation agreement, in which he waived his interest in wife's retirement benefits, was non-modifiable. Appellee asserted appellant had actual knowledge of the waiver of his interests in wife's retirement at the time he waived them in July 2007. And, even if appellant was unaware of the waiver at the time he agreed to it, appellee argued appellant was clearly aware of the waiver when he signed a pre-trial statement, in March 2009, acknowledging the waiver.

{¶7} Appellant filed a memorandum in opposition to appellee's motion. Appellant argued that, because appellee's representation was related to the domestic relations matter commencing with the separation agreement and continuous through May 28, 2010, the cause of action accrued when appellant terminated their professional relationship.

3

{¶8} On February 22, 2013, the trial court granted summary judgment in appellee's favor. In support, the court concluded the complaint was filed outside the one-year statute-of-limitations period. The court reasoned that the termination of the attorney-client relationship was inconsequential to the accrual date because the termination date had no specific bearing on the facts alleged as a basis for appellant's cause of action. Appellant timely appealed and assigns the following error for our review:

{¶9} "The trial court erred in granting defendant-appellee's, John Chaney, III's, motion for summary judgment based upon its opinion plaintiff-appellant's legal malpractice action was barred by operation of R.C. 2305.11(A) where defendant-appellee had undertaken to represent defendant-appellant [sic] in both a legal separation action and in post-decree issues related to and arising from that legal separation, had not declined to further represent defendant-appellant [sic] on such related issues, and was discharged by defendant-appellant [sic] within one year prior to the defendant-appellant's [sic] complaint."

{¶10} Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66, 1993-Ohio-195, (1993). Keeping this in mind, an award of summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See e.g.* Civ.R. 56(C).

4

{¶11} When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121 (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 (1992). In effect, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. Ashtabula No. 2002-A-0061, 2003-Ohio-6682, ¶36. On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336 (1996).

{¶12} Pursuant to R.C. 2305.11(A), a cause of action for legal malpractice must be brought within one year of its accrual. Under that statute, "'an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act * * * or when the attorney-client relationship for that transaction or undertaking terminates, whichever occurs later.'" *Smith v. Conley*, 109 Ohio St.3d 141, 2006-Ohio-2035, ¶4 quoting *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54 (1989), syllabus; *See also Omni Food Fashion, Inc. v. Smith*, 38 Ohio St.3d 385 (1988).

{¶13} Appellant claims the legal separation action included ongoing, post-decree custody representation and, as a result, the "transaction or undertaking" did not cease until appellee's representation was terminated. We do not agree.

{¶14} Although the record indicates appellee continued representing appellant on custody issues, appellant's complaint is limited to allegations of negligence resulting

5

from the advice provided and consequences relating to the separation agreement. The complaint does not assert appellee breached a duty of care in his ongoing representation vis-à-vis custody of appellant's daughter.

{¶15} The limited nature of the allegations is further confirmed by the expert report of Attorney John Zoller. Attorney Zoller's evaluation was confined to appellee's representation regarding the implications of appellee's advice relating to the separation agreement; in particular, Attorney Zoller asserted appellee failed to advise appellant that, while custody arrangements are always modifiable, the property division to which appellant agreed was not modifiable. Thus, Attorney Zoller opined, appellant entered the agreement with the misunderstanding that, by surrendering his economic interests, he would, into perpetuity, maintain the custody rights for which he bargained.

{¶16} Appellant became aware of the purported breaches of appellee's professional duty, at the latest, when the trial court denied his motion for relief from judgment. In that entry, the trial court noted that the separation agreement included an integration clause stating "the parties confirm the Separation Agreement is complete and final resolution of all issues between them, and understand they may not seek to avoid the obligations herein in any later legal proceeding." In light of this clause, the division of marital property, liabilities, and spousal support were final and not subject to change. The trial court determined, however, that, notwithstanding the integration clause, "[t]he issue of parental rights is always within the continuing jurisdiction of the Court * * *." This judgment was entered on July 28, 2009.

{¶17} Given the foregoing entry, appellant had actual knowledge of the alleged deficiencies in appellee's representation in July 2009. And even though appellee

6

continued to represent appellant on issues relating to child custody subsequent to the July 2009 judgment, his complaint does not allege appellee was negligent in this capacity. Because appellant's negligence claim stems exclusively from the purported deficiencies of which appellant had notice in July 2009, and there are no allegations of negligence in his complaint relating to appellee's ongoing representation pertaining to other custody issues, we hold appellant's cause of action accrued, at the latest, on July 28, 2009. Pursuant to R.C. 2305.11, appellant's complaint, filed on May 23, 2011, is time-barred and appellee is therefore entitled judgment as a matter of law.

{¶18} Appellant's sole assignment of error lacks merit.

{¶19} For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

7